The last case on this morning's docket is the case of People v. Michael Reeves. We're going to try to dispose of that before lunch. We're getting our sign-in sheets, so we'll be ready as soon as that is before us. But parties may go ahead. We can't begin without our gatekeeper, but you can come on up, Mr. Wells, and get ready. All right. Thank you. We're ready to proceed now. The case before us is People v. Michael Reeves, and we have Mr. Larry Wells for the defendant appellant, and we have Mr. Patrick Daly for the appellate. You may proceed. My name is Larry Wells. I represent the defendant, Mr. Reeves. Mr. Reeves was convicted of burglary and aggravated robbery. And at the suggestion of his court after his last appeal, he filed a motion for leave to file a successive post-conviction petition, and that motion was denied. He's appealed that denial. This case is all about the difference between simple robbery and aggravated robbery. Simple robbery is the taking by force of something from someone. Aggravated robbery is the taking of something by force, a threat of force, while intimating that you have a weapon. So the classic one is this one here, of course, where you put your finger in the thing and say, ah! You're intimating that you have a weapon. Or perhaps you might flash a piece of bright steel and suggest that this is a knife. And it doesn't matter for aggravated robbery whether you're actually armed or just it looks like you're armed. But the important thing is that there must be an intimation of a weapon. And in this case, there's no aggravating factor. Look at page 2 of the original brief. The charge is from itself in full. It just says that the defendant took $500 by threat of force from the complaining witness. That's it. No aggravating factor. Now, he pled guilty to aggravated robbery. At the guilty plea hearing, he was given admonitions by the judge. There's nothing about an aggravating factor. Then there's the factual basis. And in order to establish a factual basis, you have to set forth the grabment of the offense. That's the minimum requirement for a factual basis. The factual basis is set out in full in the brief. There's no aggravating factor. And it's important to recall what's going on here with the state. Because we've alleged that there's no aggravating factor in the charging instrument. The state doesn't deny it. We've alleged that there's nothing in the admonishments about an aggravating factor. The state doesn't deny it. We allege that there's nothing in the factual basis that establishes an aggravating factor. The state doesn't deny it. We've alleged that this guilty plea is involuntarily taken in violation of due process. The state doesn't deny that. The only argument the state has is that the motion to leave the file of subsequent post-conviction petition is defective. Now, if we cite in our brief the case of People v. Forrest from the Illinois Supreme Court, it says that fundamental fairness is a separate standard besides cause and prejudice. And if a person pleads guilty to an offense and his lawyer tells him the wrong thing, prosecutor tells him the wrong thing, judge tells him the wrong thing, there's no notice, the facts don't support it, surely that shows that the conviction is in violation of fundamental fairness. But the state's also wrong about the cause and prejudice. Because if you look at page 255, 256, 257 of the record, you're going to see that in his motion he alleges that he had paranoid schizophrenia and he was severely mentally ill and that's why he couldn't grasp what it was that he needed to do that part of the case. And secondly, he alleges ineffective assistance of counsel, that his counsel allowed him to be convicted and sentenced in violation of due process. And of course that's true. Simple robbery is a class 2 felony, aggravated robbery is a class 1. His lawyer allowed him to be convicted and sentenced to a class 1 felony without telling him anything about it. He didn't receive any notice. This is clearly in violation of due process and he's established cause and prejudice. But because the state has not in any way challenged the facts of this case that are on this record, we ask specifically that this court vacate the guilty plea at this stage. Don't send him back for the post-conviction matters because there's no dispute. There's no dispute about this. There's no aggravating factor anywhere in this. He can't be guilty of aggravated robbery. There's no aggravating factor. The guilty plea cannot stand. So we'd ask this court to vacate the guilty plea and send this case back running trial. And then in the alternative, of course, remand for further proceedings on the post-conviction. Thank you. Do you have an opportunity to rebut, Mr. Daly? It's the only issue before this court right now is whether or not the circuit court properly denied the defendant's request to file successive post-conviction petitions. In other words, the defendant meet the cause and prejudice test. The circuit court having denied the defendant's motion, as we know from case law, that the petition itself is not considered filed until the circuit court actually makes that determination that he's met the cause of prejudice test. So the defendant's argument here that the state, by not answering, has conceded this, this, and that, I think is really putting the cart before the horse. Right now, there's nothing the circuit court has considered that we have to respond for or deny or do anything, other than whether or not the circuit court properly denied the request to file a successive post-conviction petition. So I take exception to the implication of the defendant's brief that we somehow admitted to all these things, because at this point, there's nothing to admit or deny. And the only thing that's before this court is whether or not the court properly granted or properly denied the request to file a successive post-conviction petition. From a procedural history standpoint, the defendant in this case had filed a petition that was denied by the circuit court as being frivolous and patently without merit. This is the earlier Rule 23 order that the defendant refers to in this case. After analysis by this court, this court concluded that because the defendant had not actually filed a request to file a successive petition under paragraph F of the post-conviction hearing, it found procedural default in that the court's denial, excuse me, the dismissal of the petition was affirmed on that basis. And it stated that it was without prejudice to the defendant's claim. And so what it was, of course, this court wasn't saying one thing or the other about the substantive merit of the defendant's petition. It just says that in order for you to proceed past this point, you have to file a request to file a successive petition. In this case, the defendant's request to meet the cause of prejudice test, and I'll just focus really on the main causes. The main cause is typically determined to be whether or not the defendant has identified an objective fact that has impeded the ability to raise a specific claim. And the defendant in this case has filed a prior post-conviction petition back, I think, in 2004 or 2. I'm not sure the exact time period. All the defendant alleged is that he had suffered from a mental disease and he had psychiatric symptoms. At the time of the crime, he referred to a psychiatric report, which he said he didn't have copies of and couldn't get copies of and doesn't explain any further what that is. And then cite the Rule 23 order from the Massach County Prosecution in 2003. Based upon that, I don't really know. It doesn't identify the paragraph in this file. That's maybe not essential in the reading. It doesn't discuss prejudice. And it didn't certainly discuss any objective fact that hindered him from raising this particular claim before the defendant appealed. It says, well, it's manifest that the state and the defense counsel and the court and everyone has impeded this person's ability to raise this claim in an earlier time. The defendant does a great job making an argument. The problem is his argument is not what the defendant argued below. And certainly he doesn't allege that there was some conspiracy to deny him the opportunity to present this information in an earlier time. So really, I think the court needs to focus specifically and solely upon the issue of whether or not the defendant has met the cause of prejudice test. The defendant's argument doesn't relate to anything else. It's something that has to be determined or evaluated by the circuit court in the first instance before it even becomes relevant in any subsequent juncture, if it even gets to that. Obviously, it's our position that the defendant hasn't met the cause of prejudice test. We would ask that the court affirm on that basis. To the extent that the defendant raises its substantive issues and argues them extensively, it's our position that all that argument is inappropriate or at least premature at this time. Absolutely, the circuit court has to consider. So you're not disagreeing that there might be a different standard under certain circumstances of cause and prejudice that could be. Thank you for your consideration on whether the court grants the lead to file a successive petition. You're saying that this is the wrong venue to argue that. I'm not taking a position one way or the other with regards to any substantive merit. We don't get to that because the petition itself is not even considered filed until the circuit court makes that determination that the defendant has met the cause of prejudice test. So really what's happening here is the defendant is sort of placed before this court as a court of original jurisdiction in evaluation of the substantive merits of the defendant's claim. Obviously, that's not the whole court. So I'm not – I don't want to get up here and say that I'm trying to deny the defendant anything or whatnot. I just think it's important to focus on the only singular issue in this case where the defendant met this test, and it's our position that the defendant did not. I have nothing to add. Thank you. Thank you. Mr. Wells. Even meeting the state on its own grounds, there's a cause of prejudice established here. There's an allocation of ineffective assistance of counsel, and the cases state that ineffective assistance of counsel is caused. When your lawyer gives you advice that keeps you from knowing about a claim, that's caused. That's exactly what happened here. I mean it wasn't just his lawyer. It was also the prosecutor and the judge. How is this fellow, who's so severely mentally ill, supposed to know that he's got any kind of a claim when three lawyers have told him other lies? There's no way he would know. That's how he was indeed. And you can look right at the charging instrument. You can look at the admonishments, and you can look at the factual basis. He was told that that was aggravated robbery, and it's just not aggravated robbery. And, again, the state hasn't denied it. What was his sentence? He got 15 years. Fifteen years? That's right. And that was on the – was there a kidnapping? No, this was a burglary and aggravated robbery. And so we got a burglary and aggravated robbery. They were consecutive to each other, concurrent to the other offenses. And then the 15 years is in excess of the available sentence for a simple robbery, maximum seven years. That's, of course, part of the… Oh, I think when it comes to years, what's the outdate? Oh, he has consecutive time-to-time in Nevada also. He's serving time on a different defense also? I am not sure that he's completely finished with the Nevada matter or not. Is this the one that happened at Utah also or something? I recall that it was in Nevada. He apparently attempted to commit suicide by a police officer. Was there something about a kidnapping in one of his cases? I thought that was part of it. Certainly there was a – this is a two-county matter. There was a weapon displayed in Massac County, but there's no weapon displayed in Johnson County. So those charges all took place in Massac? Yeah, that's right. All the stuff that happened in the rest of the story was Massac County. In Johnson County, there's no allegation of any knife use in any way at all. How much did he get in the Massac County? Do you remember? I'm sorry, I couldn't tell you that off the top of my head. Okay. I don't think so. Thank you very much both for your arguments. And Grace will take the matter under advisement. We'll stand in recess until 1.05. All rise.